UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
Edward A. Roselene Jr.,

                         Plaintiff,              07-CV-6153

             v.                                  **DECISION**
                                                 **and ORDER**
JO ANNE B. BARNHART, Commissioner
of Social Security

                         Defendant.
_____


                         **Introduction**

     Plaintiff Edward Roselene Jr. ("Plaintiff") brings this action pursuant to the Social Security Act § 216(I) and § 223, seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits. Specifically, Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") Christine McCafferty denying his application for benefits was against the weight of substantial evidence contained in the record and contrary to applicable legal standards.

     Plaintiff moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c)("Rule 12(c)"), seeking reversal of the Commissioner's ruling or, in the alternative, remand of the matter for a new hearing. The Commissioner cross-moves for judgment on the pleadings pursuant to Rule 12(c), on the grounds that ALJ McCafferty's decision was supported by substantial evidence

contained in the record and was based on the correct application of appropriate legal standards. For the reasons set forth below, I find that the decision of the Commissioner is supported by substantial evidence, and is in accordance with applicable law. I therefore grant the Commissioner's cross-motion for judgment on the pleadings, and deny Plaintiff's motion for judgment on the pleadings.

## Background

On March 1, 2004, Plaintiff, at that time a 60 year-old teacher, filed an application for Disability Insurance Benefits under Title II, § 216(I) and § 223 of the Social Security Act ("the Act") claiming a disability since May 15, 2003, due to bipolar disorder. (Transcript of the Administrative proceedings at pages 43, 53) (hereinafter "Tr."). Plaintiff's application was denied by the Social Security Administration ("the administration") initially on April 21, 2004. (Tr. at 34). Plaintiff filed a timely request for an administrative hearing on May 12, 2004. (Tr. at 38).

Thereafter, Plaintiff appeared via video conference, with counsel, at an administrative hearing before ALJ Christine McCafferty on May 22, 2006. (Tr. at 231). In a decision dated June 28, 2006, the ALJ determined that the Plaintiff was not disabled. (Tr. at 12).  The ALJ's decision became the final decision of the Commissioner when the Social Security Appeals Council denied

Plaintiff's request for review on February 1, 2007. (Tr. at 3).  On

March 19, 2007, Plaintiff filed this action.

## **Discussion**

I.   **Jurisdiction and Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to

hear claims based on the denial of Social Security benefits.

Additionally, the section directs that when considering such a

claim, the Court must accept the findings of fact made by the

Commissioner, provided that such findings are supported by

substantial evidence in the record. Substantial evidence is defined

as, "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." Consolidated Edison Co. v. NLRB,

305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's

scope of review to determining whether or not the Commissioner's

findings were supported by substantial evidence. See, Monqeur v.

Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a

reviewing Court does not try a benefits case de novo). The Court is

also authorized to review the legal standards employed by the

Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to

determine the reasonableness of the decision reached." Lynn v.

Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation

omitted). The Commissioner asserts that his decision was

reasonable and is supported by the evidence in the record, and

moves for judgment on the pleadings pursuant to Rule 12(c).

Judgment on the pleadings may be granted under Rule 12(c) where

the material facts are undisputed and where judgment on the

merits is possible merely by considering the contents of the

pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d

Cir. 1988). If, after a review of the pleadings, the Court is

convinced that Plaintiff can prove no set of facts in support of

his claim which would entitle him to relief, judgment on the

pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41,

45-46 (1957).

## II.   **The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence in the record.**

The ALJ found that Plaintiff was not disabled within the

meaning of the Social Security Act.   In doing so, the ALJ adhered

to the Social Security Administration's 5-step sequential

evaluation analysis for evaluating applications for disability

benefits.  See 20 C.F.R. § 404.1520.[1]  Under Step 1 of the process,

the ALJ found that Plaintiff had not engaged in substantial gainful

activity at any time relevant to this decision. (Tr. at 16).

---

[1]Five-step analysis includes: (1) ALJ considers whether claimant is
currently engaged in substantial gainful activity; (2) if not, ALJ considers
whether claimant has severe impairment which significantly limits his physical
or mental ability to do basic work activities; (3) if claimant suffers such
impairment, the third inquiry is whether, based solely on medical evidence,
claimant has impairment which is listed in Appendix 1 of the Social Security
Regulations, and if so, claimant will be considered disabled without
considering vocational factors; (4) if claimant does not have a listed
impairment, fourth inquiry is whether, despite claimant's severe impairment,
he has residual functional capacity to perform his past work; and (5) if
claimant is unable to perform past work, ALJ determines whether claimant could
perform other work. See id.

At Steps 2 and 3, the ALJ found that Plaintiff has a severe impairment of bipolar disorder. (Tr. at 16). The ALJ concluded that the impairment is severe within the meaning of the Regulations, but not severe enough to meet or equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P of Regulations No. 4.  (Listing 12.04 (Affective Disorders)) (Tr. at 17).

Further, at Step 4, the ALJ concluded that Plaintiff has the residual functional capacity to perform simple, repetitive tasks in a low stress, low contact setting at all exertional levels. (Tr. at 17).  However, the ALJ found that Plaintiff is unable to perform his past relevant work as a teacher (classified as skilled light work) or as an artist (classified as skilled light to medium work) due to his limited mental abilities. (Tr. at 18).

Finally, at Step 5, the ALJ found that considering Plaintiff's age, education, work experience and residual functional capacity ("RFC"), jobs exist in the regional and national economy which Plaintiff can perform. (Tr. at 18). Specifically, the ALJ found that the Plaintiff can perform the job duties of a housekeeper, office clerical worker and an inspector. (Tr. at 19).  The ALJ found that the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (Tr. at 19).

Based on the entire record, including the medical evidence in the record, I find that the ALJ properly concluded that Plaintiff was not disabled within the meaning of the Act.

A.    <u>The ALJ properly discounted the opinion of the treating psychiatrist.</u>

The Plaintiff contends that the ALJ improperly discounted the opinion of the Plaintiff's treating psychiatrist, Dr. Dvorin. (Pl. Br. At 6). I find that the ALJ properly rejected Dr. Dvorin's opinion that the Plaintiff can not meet the attendance requirements and production standards of full time competitive employment. (Tr. at 18). The treating psychiatrist's statement that an individual is "disabled"or "unable to work" does not mean that the ALJ will determine him to be disabled within the meaning of the Act.  That issue is reserved for the Commissioner and, therefore, the treating psychiatrist's opinion on disability is never entitled to controlling weight or any special significance.  20 C.F.R. §§ 404.1527(e); SSR 96-5p.  <u>Snell v. Apfel</u>, 177 F.3d 128, 133 (2d Cir. 1999).

The ALJ must clearly state her reasoning when electing not to give a treating physician's opinion controlling weight. <u>See Schaal</u>, 134 F.3d at 506 (2d Cir. 1998). In this case, the ALJ clearly rejected this opinion as being "contrary to the records".  The ALJ concluded that maintenance of the Plaintiff's condition by medication, the Plaintiff's ability to care for himself, the absence of psychiatric hospitalization for almost three years, the

Plaintiff's volunteer work and lack of any documented difficulties supported this determination. (Tr. at 18).

The ALJ's conclusion that Plaintiff is not disabled within the meaning of the Act is supported by substantial evidence in the record. In making her finding, the ALJ considered the opinion and the medical records of the treating psychiatrist, Dr. Stephen Dvorin and the Plaintiff's testimony. (Tr. at 17, 18).  The ALJ cited Dr. Dvorin's assessment that Plaintiff had "poor or no[...] ability to deal with work stress; function independently; understand, remember, and behave in an emotionally stable manner." (Tr. at 18).  However, the ALJ also considered Dr. Dvorin's assessment that the Plaintiff has a fair ability to follow work rules, relate to co-workers and the public, interact with supervisors, maintain attention and concentration, relate predictably in social situations, and demonstrate reliability. (Tr. At 18).  In addition, the ALJ considered Dr. Dvorin's observation that the Plaintiff can understand, remember and carry out simple job instructions. (Tr. at 18).  The ALJ also weighed the Plaintiff's testimony regarding his activities of daily living, volunteer work and his anger. (Tr. at 17).

The ALJ properly discounted the opinion of the treating psychiatrist by clearly stating her reasoning for that determination and by citing to evidence in the record which supports that finding.

B.   The ALJ properly adopted the opinion of the state agency
     medical consultant

The Plaintiff contends that the ALJ improperly relied on the April 2004 opinion of the state agency medical consultant, Dr. Burnett. In making her finding, the ALJ concluded that the opinion of Dr. Burnett is consistent with the evidence in the record which indicates that the Plaintiff could perform simple repetitive tasks in a low stress, low contact setting. (Tr. at 17).  Those findings are supported by the substantial evidence contained in the record and therefore, I find that the ALJ gave proper weight to Dr. Burnett's opinion.

CONCLUSION

For the reasons set forth above, I conclude that the ALJ's decision is supported by substantial evidence in the record and, therefore, the Commissioner's cross-motion for judgment on the pleadings is granted. Plaintiff's motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca
_____
   MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
       January 11, 2008